**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 30 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ANGELA MONTGOMERY,

    Defendant-Appellant.

No. 04-6094

(D.C. No. 01-CR-327-L)
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **BRISCOE**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Defendant Angela Montgomery appeals her 24-month sentence for violating the terms of her supervised release.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

I.

In 1998, Montgomery pled guilty to bank fraud, in violation of 18 U.S.C. § 1344, and was sentenced to a ten-month term of imprisonment and a five-year term of supervised release. Montgomery completed her term of imprisonment and began her term of supervised release on July 22, 1999. On February 20, 2004, the probation office filed a "Petition for Warrant or Summons for Offender Under Supervision" seeking revocation of Montgomery's term of supervised release. The petition alleged that, between December 2000 and January 2003, Montgomery opened eight different checking accounts at five different financial institutions using a social security number not assigned to her (and on some occasions using an alias) and then fraudulently obtained funds from each institution, in violation of 18 U.S.C. §§ 1028 and 1344. The petition also alleged that Montgomery (a) traveled from Oklahoma to Missouri without the permission of her probation officer and obtained a Missouri nondriver license from the Missouri Department of Revenue, and (b) submitted supervision reports to her probation officer falsely claiming she did not have a checking account.

Based on evidence presented by the government during a hearing on the petition on March 8, 2004, the district court found that Montgomery violated the conditions of her supervised release as alleged in the petition. Specifically, the district court found the evidence supported a finding that violations 1 through 8 as alleged in the petition constituted violations of the bank fraud statute and were thus grade A violations as

2

defined by the Sentencing Guidelines. Accordingly, the district court revoked Montgomery's term of supervised release and sentenced her to a term of imprisonment of 24 months, to be followed by a 36-month term of supervised release.

## II.

Montgomery contends the court erred in concluding she had committed a grade A violation of her term of supervised release and, as a result, imposed a sentence that was too lengthy. When a district court sentences a defendant to a term of imprisonment for violating a condition of his or her supervised release, it must consider, among other factors, the policy statements in Chapter 7 of the Sentencing Guidelines. See United States v. Kelley, 359 F.3d 1302, 1304-05 (10th Cir. 2004) (citing 18 U.S.C. § 3553(a)). "Those policy statements recommend a range of imprisonment upon revocation of supervised release, and are advisory rather than mandatory in nature." Id. at 1305 (internal quotations omitted). Because a district court thus has considerable discretion in determining the sentence to impose upon revocation, we review such sentences only to determine whether they are "plainly unreasonable." Id. at 1304. Under this standard of review, "we will not reverse if it can be determined from the record" that the sentence was "reasoned and reasonable." Id. "In conducting this analysis, we review the district court's findings of fact for clear error and its legal interpretations of the Sentencing Guidelines de novo." Id.

Chapter 7 of the Sentencing Guidelines divides violations of supervised release

into three "grades." See U.S.S.G. § 7B1.1. Grade A violations include, among other things, conduct that is punishable under federal, state, or local law by a term of imprisonment exceeding twenty years. Grade B violations include conduct punishable under federal, state, or local law by a term of imprisonment exceeding one year (except crimes of violence, controlled substance offenses, and offenses involving possession of a firearm or destructive device). Grade C violations include conduct punishable under federal, state, or local law by a term of imprisonment of one year or less. In turn, Chapter 7 sets forth proposed, but non-binding, ranges of imprisonment based on a combination of (a) the grade assigned to a defendant's violation and (b) the defendant's criminal history category. See U.S.S.G. § 7B1.4.

Here, the district court concluded, based upon the evidence presented by the government at the revocation hearing, that Montgomery's violations constituted bank fraud under federal law and thus were properly classified as grade A violations under Chapter 7. In light of that classification and Montgomery's criminal history category of III, the district court noted that Chapter 7 provided a suggested range of imprisonment of 18 to 24 months. Ultimately, the district court imposed a 24-month term of imprisonment on Montgomery.

Montgomery contends the evidence presented by the government during the revocation hearing failed to establish that any of the financial institutions at issue were federally insured, or acted to their detriment based on the false information she presented

4

to them.  Thus, Montgomery contends, the district court should not have characterized her violations as bank fraud or treated them as grade A violations under Chapter 7 of the Sentencing Guidelines.  Instead, she contends, the district court should have treated her violations as grade B violations and sentenced her to a term of imprisonment of no more than 14 months.

Federal bank fraud carries a maximum sentence of 30 years' imprisonment and thus qualifies as a grade A violation under Chapter 7.  See 18 U.S.C. § 1344 (bank fraud statute); U.S.S.G. § 7B1.1(a)(1) (defining grade A violations).  The elements of federal bank fraud are: (1) that the defendant knowingly executed or attempted to execute a scheme (i) to defraud or (ii) to obtain property by means of false or fraudulent pretenses, representations, or promises; (2) that he or she did so with the intent to defraud a financial institution; and (3) that the financial institution was then federally insured.  See United States v. Akers, 215 F.3d 1089, 1100 (10th Cir. 2000).

After reviewing the record on appeal, we conclude the evidence presented by the government at the revocation hearing was sufficient to allow the district court to find that Montgomery committed federal bank fraud.  It was essentially uncontroverted that Montgomery opened checking accounts at five different financial institutions using a social security number not assigned to her.  Montgomery then deposited counterfeit checks, or checks drawn on closed accounts, in the checking accounts.  Lastly, Montgomery withdrew funds from the checking accounts, causing losses to the five

5

financial institutions of at least $18,700.  In sum, the government's evidence established that Montgomery knowingly engaged in a course of conduct designed to deceive all five financial institutions into releasing money to her, with the intent to victimize the institutions by exposing them to actual or potential loss.  As for the "federally insured" element of the crime (to which we note Montgomery raised no challenge at the revocation hearing), the government introduced documents from which the district court reasonably could have inferred that at least two of the five financial institutions victimized by Montgomery (i.e., Bank of America and Commercial Federal Bank) were federally insured.

Having concluded that the district court properly characterized Montgomery's violations as bank fraud and grade A violations under Chapter 7, we in turn conclude the sentence imposed by the district court was both reasoned and reasonable.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge